Alexander VALENTINE,
Petitioner–Appellee,

v.

Edward S. ALAMEIDA, Jr., Warden,
Respondent–Appellant.

Alexander Valentine, Petitioner–
Appellant,

v.

Edward S. Alameida, Jr., Warden,
Respondent–Appellee.

Nos. 04–55208, 04–55365.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided Aug. 8, 2005.

As Amended on Denial of Rehearing and
Rehearing En Banc Sept. 20, 2005.

Eugene G. Iredale, Esq., San Diego, CA, for Petitioner—Appellee.

Pat Zaharopoulos, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent—Appellant.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Respondent appeals the district court's conditional grant of Alexander Valentine's petition for a writ of habeas corpus, and Valentine cross-appeals the district court's order denying the petition on one ground. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse the district court's conditional grant of the petition and affirm its denial of habeas relief.

The district court concluded that the prosecution's use of Valentine's post-arrest, pre-*Miranda* silence as evidence of guilt violated his Fifth Amendment privilege against self-incrimination, and that the state court unreasonably applied clearly established Supreme Court law when it concluded that this use of Valentine's silence was permissible. We may grant a writ for a petition of habeas corpus if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ We cannot conclude that the state's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent because there is no precedent that is clearly applicable to these facts. The Supreme Court has held that any admission at trial of post-*Miranda* silence is a violation of a defendant's due process rights. *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). However, the Court allows the admission of a defendant's pre-*Miranda* silence for impeachment purposes when a defendant testifies at trial. *Fletcher v.*

*Weir*, 455 U.S. 603, 607, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982). Although Valentine's silence was first introduced prior to his taking the stand, Valentine took the stand and presented testimony that he was silent when told he was under arrest for murder. Because Valentine testified to his own silence, neither *Doyle* nor *Fletcher* clearly applies to these facts. We conclude that the state court decision is not contrary to Supreme Court law, and consider whether the state court's application of clearly established law was objectively unreasonable.

■ Circuit court precedent is relevant only to the extent that it "illuminates the application of clearly established law." *Casey v. Moore*, 386 F.3d 896, 907 (9th Cir.2004). In this case, circuit court precedent reveals a divergence of opinion in cases addressing this issue. *Compare United States v. Moore*, 104 F.3d 377, 385 (D.C.Cir.1997) (holding that introduction of defendant's pre-*Miranda* custodial silence is violation of Fifth Amendment); *United States v. Whitehead*, 200 F.3d 634, 638 (9th Cir.2000) (same) *with United States v. Frazier*, 408 F.3d 1102, 1111 (8th Cir.2005) (holding that when no governmental action induced post-arrest, pre-*Miranda* silence, it could be introduced as evidence of guilt); *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir.1991) (concluding that the prosecution may comment on a defendant's silence prior to *Miranda* warnings). The divergent circuit precedent reveals that there is not clearly established law applicable to these facts. We therefore cannot conclude that the state court's decision constituted an unreasonable application of clearly established federal law. The district court concluded that admission of DNA test results as business records deprived Valentine of his rights under the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Sixth Amendment's Confrontation Clause. We conclude that the state appellate court's determination that the DNA test results had sufficient indicia of reliability to satisfy the Confrontation Clause was a reasonable application of the clearly established law of *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597, (1980).[1] Under *Roberts,* business records are generally considered sufficiently reliable to survive a Confrontation Clause challenge. 448 U.S. at 66 n. 8, 100 S.Ct. 2531; *see also United States v. Miller,* 830 F.2d 1073, 1077 (9th Cir.1987) (holding that admission of business records does not violate the Confrontation Clause under *Roberts* ). The record at issue was prepared in the routine course of business and was introduced by a competent expert who could be questioned about the limitations of the information presented. It was reasonable for the state court to determine that Valentine's right to confrontation was not violated by the admission of this evidence.

The district court found that Valentine's due process rights were violated by the trial judge's erroneous limitation on his ability to cross-examine a prosecution witness. The state appellate court found that the trial court erroneously excluded the line of questioning as hearsay, but that the error was harmless. Even if Valentine's due process rights were violated by this restriction, we cannot conclude that the error had a "substantial and injurious effect" on the jury's verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks and citation omitted). The district court found that, taken on their own, the errors it identified were not prejudicial, but that cumulatively the errors caused it to gravely doubt whether the jury would reach the same verdict. Because we conclude that admission of Valentine's post-arrest, pre-*Miranda* silence was not objectively unreasonable and that admission of DNA evidence as business records did not violate the Confrontation Clause, we conclude that there is no cumulative error.

■ The district court correctly denied relief on Valentine's claim that his constitutional rights were violated by the admission of evidence that Valentine inquired whether officers had a search warrant. Although this court has ruled on direct appeal that the exercise of Fourth Amendment rights cannot be used as evidence of guilt, the Supreme Court has not reached a conclusion on this issue. *United States v. Prescott,* 581 F.2d 1343, 1351–52 (9th Cir.1978); *Schmerber v. California,* 384 U.S. 757, 765 n. 9, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (reserving this question). The state court did not unreasonably apply clearly established law when it did not extend Fifth Amendment principles to the Fourth Amendment context. *See Leavitt v. Arave,* 383 F.3d 809, 828 n. 15 (9th Cir.2004) (suggesting that the right not to have the exercise of Fourth Amendment rights introduced as evidence of guilt is not clearly established federal law). Furthermore, the evidence did not show that Valentine was exercising his Fourth Amendment rights. The district court correctly denied relief on this claim.

REVERSED in part, AFFIRMED in part.

---

1. Although *Roberts* was abrogated by *Crawford v. Washington,* 541 U.S. 36, 55–56, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), *Crawford* addresses only "testimonial hearsay," which does not include business records, *id.* at 68, 124 S.Ct. 1354.